UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles McNeil, | ) | C/A No. 5:17-cv-00150-MGL-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Dr. Alewine; | ) | |
| Nurse Nguawame; | ) | |
| Nurse Owens, and | ) | |
| Nurse A. Brown, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.      Factual and Procedural Background

Charles McNeil ("Plaintiff") was formerly an inmate in the South Carolina Department of Corrections ("SCDC") prison system. In his Complaint under review, Plaintiff alleges that while in a SCDC prison he had a skin infection that began in January 2012.[1] In this Complaint, Plaintiff claims that a doctor (presumed to be Defendant Alewine as he is the only named defendant doctor) improperly prescribed medication without physically touching him and "waited so long to it got very bad . . . ." ECF No. 1 at 6. Plaintiff also asserts that he was given medication that he did not need. *Id.* at 5. Although Plaintiff names several nurses as Defendants, he does not include any allegations of

_____

[1] This same infection was the subject matter of a previous case that Plaintiff filed in October 2012, which was finally dismissed "with prejudice" for failure to prosecute on October 3, 2014. *McNeil v. S. C. Dep't Corrs.*, Civil Action No. 5:12-2880, ECF No. 206.

wrongdoing against them, other than his broad claim that "everyone of work for the BRCI did what they want to." *Id.* at 9. Plaintiff requests $2.5 million in damages and payment of medical bills.

II.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc.*

*Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.    Discussion

As an initial matter, this case should be summarily dismissed because it is based on the same facts and similar allegations and is against the many of the same defendants as was the Complaint in *McNeil v. South Carolina Department of Corrections.*, Civil Action No. 5:12-2880. The Complaint in that action was dismissed by this court with prejudice. ECF No. 206 in prior action. Because that complaint was dismissed with prejudice, Plaintiff is precluded from bringing a subsequent action based on the same facts and against the same parties. *See In re Tomlin*, 105 F.3d 933, 936-37 (4th Cir. 1997) ("generally '[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties'") (quoting *Harrison v. Edison Bros. Apparel Stores, Inc.*, 924 F.2d 530, 534 (4th Cir. 1991)); 9 Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice and Procedure* § 2369 (3d ed. 2007) ("Unless the district court otherwise specifies in its orders, an involuntary dismissal under Rule 41(b) ordinarily operates as an adjudication on the merits. As a result the order operates with prejudice to the dismissed party and prevents it from bringing a new action.").

Furthermore, even if the Complaint under review were not barred by the previous dismissal with prejudice, it would still be subject to summary dismissal because it is barred by the applicable statute of limitations. At the latest, Plaintiff was aware of the underlying facts relating to his medical claims by October 3, 2012, which was when he submitted his previous complaint to the SCDC mailroom for mailing to this court. *McNeil v. S. C. Dep't Corrs.*, Civil Action No. 5:12-2880, ECF No. 1-1. Thus, this Complaint was filed over two years after the applicable statute of limitations ran on Plaintiff's claims.

As the Fifth Circuit Court of Appeals has stated, "[l]imitations statutes . . . are not cadenced to

paper tidiness and litigant convenience. Time dulls memories, evidence and testimony become unavailable, and death ultimately comes to the assertions of rights as it does to all things human." *United States v. Newman*, 405 F.2d 189, 200 (5th Cir. 1969) (citation omitted). In civil-rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations establishes a three-year limitations period for personal injury causes of action arising on or after April 5, 1988. S.C. Code Ann. § 15-3-530. Thus, Plaintiff's claims relating to the medical care he received in 2012 while in SCDC custody are governed by the § 1983 three-year statute of limitation.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading. *See*, *e.g.*, *Am. Nat'l Bank v. FDIC*, 710 F.2d 1528, 1537 (11th Cir. 1983); *United States v. Ward*, 618 F. Supp. 884, 901 (E.D. N.C. 1985). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses that would be available to defendants in determining under 28 U.S.C. § 1915 whether process should be issued against those defendants. *See Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."). In *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984), the district court stated that "[a]lthough some of the matters discussed constitute affirmative defenses, . . . where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [and] finding a complaint frivolous.") (citations omitted). Moreover, the applicable statute of limitations is not tolled by the filing of a complaint within the limitations period even if that complaint is ultimately dismissed without

prejudice. *Gallipeau v. Ham*, No. 0:13-505-TMC, 2014 WL 2613178, at *4 (D.S.C. June 10, 2014) ("'It is well settled in South Carolina that when an action is dismissed without prejudice, the statute of limitations will bar a subsequent suit if the statute runs in the interim.'") (quoting *Rink v. Richland Mem'l Hosp.*, 422 S.E.2d 747, 749 (S.C. 1992)).

Furthermore, even if the Complaint were not barred by the previous with-prejudice dismissal or the statute of limitations, it would still be subject to partial summary dismissal as to Defendant SCDC because SCDC is immune from Plaintiff's claims under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDC, as a South Carolina state agency, is an integral part of the state and, thus, is entitled to Eleventh Amendment immunity in this case.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Mi. Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corrs.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

As explained in *Pennhurst*, 465 U.S. at 99 n.9, a state must expressly consent to suit in a

federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws, is a part of the South Carolina Tort Claims Act, which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985) (Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Finally, even if the Complaint were not barred by the previous dismissal with prejudice or the statute of limitations, it is still subject to partial summary dismissal to the extent that it names Nurse Nguawame, Nurse Owens, and Nurse A. Brown as Defendants because it contains no allegations of any personal involvement whatsoever of these Defendants in the events giving rise to Plaintiff's medical-care related claims. To state a plausible § 1983 claim against any particular public official or employee, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the person sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012). A plaintiff, such as Plaintiff in this case, suing government employees in their individual capacities and thereby seeking to hold the employees personally liable must show that each of the employees personally caused or played a role in causing the deprivation of a federal right complained of. *See Graham*, 473 U.S. at 166; *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary

dismissal where no factual allegations against named defendants within the body of the pleading). In absence of substantive allegations of wrongdoing against the named defendants, there is nothing from which a court can liberally construe any type of plausible cause of action arising from the Complaint against them. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim).

IV.    Recommendation

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *with prejudice*. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

February 28, 2017                                          Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).